1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESUS SANCHEZ,                              No.  2:14-cv-0868-EFB P

12                 Plaintiff,

13        v.                                     ORDER GRANTING IFP AND DISMISSING
                                                 COMPLAINT WITH LEAVE TO AMEND
14   F. FOULK,

15                 Defendant.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

19   forma pauperis.

20   **I.    Request to Proceed In Forma Pauperis**

21        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   **II.   Screening Requirement and Standards**

27        Federal courts must engage in a preliminary screening of cases in which prisoners seek

28   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

Plaintiff alleges that his due process rights were violated when he was charged and found guilty of participating in a mass hunger strike.  He claims he was not a participant in the hunger strike and that he could not have been guilty of disobeying an order because he was never actually

2

1   ordered to eat.  He requests that the rules violation report be revoked and that his lost credits be

2   restored.   *See* ECF No. 1.  As explained below, plaintiff fails to state a due process claim, and the

3   complaint will therefore be dismissed with leave to amend.   To proceed, plaintiff must file an

4   amended complaint.

5   In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

6   constitutional or statutory right; and (2) that the violation was committed by a person acting under

7   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

8   930, 934 (9th Cir. 2002).

9   An individual defendant is not liable on a civil rights claim unless the facts establish the

10   defendant's personal involvement in the constitutional deprivation or a causal connection between

11   the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*

12   *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

13   That is, plaintiff may not sue any official on the theory that the official is liable for the

14   unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

15   (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

16   plead that each Government-official defendant, through the official's own individual actions, has

17   violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

18   claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

19   2009).

20   In the context of a disciplinary proceeding where a liberty interest is at stake, due process

21   requires that "some evidence" support the disciplinary decision.  *Superintendent v. Hill*, 472 U.S.

22   445, 455 (1985).  The inmate must also receive: "(1) advance written notice of the disciplinary

23   charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to

24   call witnesses and present documentary evidence in his defense; and (3) a written statement by

25   the factfinder of the evidence relied on and the reasons for the disciplinary action."  *Id.* at 454

26   (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

27   Plaintiff concedes that he received advanced written notice of the charges against him, and

28   his attachment of the hearing decision to his complaint shows that he received a written statement

1   by the factfinder of the evidence relied on and the reasons for the disciplinary action.  ECF No. 1

2   at 10.  It also appears from the complaint that "some evidence" supported the determination that

3   plaintiff was guilty of participating in a mass hunger strike, as Sergeant D. Qualls provided a

4   statement that plaintiff had refused to accept his ninth consecutive meal, along with many other

5   inmates.  *See* ECF No. 1 at 17.  It is not clear from the complaint whether the remaining due

6   process requirements set forth in *Wolff* were met, and for that reason, plaintiff will be granted

7   leave to amend.

8        It is unclear whether plaintiff can allege a cognizable legal theory against a proper

9   defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d

10  1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity

11  to amend to correct any deficiency in their complaints).  He will be granted leave to file an

12  amended complaint that attempts to do so.  Should plaintiff choose to file an amended complaint,

13  it shall clearly set forth the claims and allegations against each defendant.  Any amended

14  complaint must cure the deficiencies identified above and also adhere to the following

15  requirements.

16       Any amended complaint must identify as a defendant only persons who personally

17  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

18  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

19  constitutional right if he does an act, participates in another's act or omits to perform an act he is

20  legally required to do that causes the alleged deprivation).

21       It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

22       Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*

23  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

24       Any amended complaint must be written or typed so that it so that it is complete in itself

25  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

26  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

27  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

28  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

4

1    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

2    1967)).

3           Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

4    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

5    See Local Rule 110.

6           Accordingly, IT IS HEREBY ORDERED that:

7           1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

8           2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

9    accordance with the notice to the California Department of Corrections and Rehabilitation filed

10   concurrently herewith.

11          3.  The complaint is dismissed with leave to amend within 30 days.  The amended

12   complaint must bear the docket number assigned to this case and be titled "First Amended

13   Complaint."  Failure to comply with this order will result in dismissal of this action for failure to

14   state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will

15   proceed with service of process by the United States Marshal.

16   Dated:  April 6, 2015.

17

18                                        EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28